**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------X
STEVEN LAMONT MARKOS,

                                      Plaintiff,

            -against-

                                                                          2:20-CV-1462

N. COCUZZA CONSTRUCTION . LIMITED
LIABILITY COMPANY DBA
SANDYHOOKRENTS.COM AND NICOLO
COCUZZA aka NICHOLAS COCUZZA,

                                      Defendants.
-------------------------------------------------------------------X

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

                                                    Todd Wengrovsky, Esq.
                                                    Law Offices of Todd Wengrovsky, PLLC.
                                                    285 Southfield Road, Box 585
                                                    Calverton, NY 11933
                                                    Tel (631) 727-3400
                                                    *Attorney for Defendants Pro Hac Vice*

## I. PRELIMINARY STATEMENT

Defendants hereby submit this Opposition to the Motion to Strike filed by Plaintiff with regard to Defendants' Affirmative Defenses and Counterclaim. For the reasons set forth below, Plaintiff's Motion should be denied.

## II. BACKGROUND AND FACTS

This is an action for copyright infringement, wherein Plaintiff alleges that Defendants, a construction firm and its individual owner, published certain images on their website without authorization or license from Plaintiff, a photographer. The Complaint asserts a claim for statutory damages.

Defendants have filed their Answer to the Complaint, with Affirmative Defenses and a Counterclaim requesting that the subject copyright registrations be invalidated. The Rule 16 Initial Conference is scheduled for July 22, 2020.

## III. ARGUMENT: PLAINTIFF'S MOTION SHOULD BE DENIED

As noted by Plaintiff, "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002).

Here, Defendants satisfied their obligations by asserting Affirmative Defenses that set forth their particular position on the litigation. For the purposes of example, the images at issue in this case appear to be generic, ubiquitous, and quite possibly allowed by the Plaintiff to be used by the

masses online freely.

As such, there are serious questions as to the validity of the asserted copyrights, which renders the asserted Counterclaim legitimate. Likewise, because the Affirmative Defenses speak to such issues, they are entirely legitimate as well, especially at this pre-discovery stage of the litigation.

Defendants' Affirmative Defenses set forth in "short and plain" terms the nature of the asserted defenses, and that is all they are required to do. Many other common Affirmative Defenses were <u>not</u> included in Defendants' filing, as such appeared to be off point. The included Affirmative Defenses were specifically targeted to situation at hand, including the following.

With regard to the <u>Second Affirmative Defense</u>, the statute of limitations, Defendants are unable to automatically accept as fact that the Plaintiff created the work on September 23, 2017, as alleged. It is suggested that issues such as alleged creation dates are precisely why Federal cases have fact discovery to begin with, to determine whether or not the works were created earlier in a manner that would render them time-barred.

With regard to the <u>Fifth Affirmative Defense</u>, the laches claim, there appears to have been a substantial delay in Plaintiff bringing the claim. Fact discovery is needed to determine issues such as exactly how and when the Plaintiff became aware of the alleged infringement.

With regard to the <u>Seventh Affirmative Defense</u>, discovery is again needed to determine precisely how – if at all – Plaintiff attempted to place the public on notice of hi alleged rights to the images.

Finally, it must be noted that there will be no prejudice to Plaintiff should their Motion to Strike be denied at this early juncture of the case. Indeed, Plaintiff will have every right in discovery to seek information aimed at countering Defendants' Affirmative Defenses and Counterclaim, and

Plaintiff will of course have every opportunity to request that the Court strike the Affirmative Defenses and Counterclaim in summary judgment.  Therefore, Plaintiff's Motion should be denied as premature.

## IV. CONCLUSION

Due to all of the foregoing, Plaintiff's Motion to Strike should be denied in its entirety.

Dated:  Calverton, New York
　　　　July 20, 2020

                                            /s/ Todd Wengrovsky
                                            Todd Wengrovsky
                                            Law Offices of
                                            Todd Wengrovsky, PLLC.
                                            285 Southfield Road, Box 585
                                            Calverton, NY 11933
                                            Tel (631) 727-3400
                                            *Attorney for Defendants Pro Hac Vice*